**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6150**

OWEN D. LEAVITT,

Plaintiff - Appellant,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; KEITH
WHITENER, Administrator, Alexander Correctional Institution, individually and
in his official capacity; FNU DAWKINS, Doctor, individually and in his official
capacity; FNU COFFEY, Chronic Care Nurse, individually and in her official
capacity; FNU EVENS, Head Nurse, individually and in her official capacity;
FNU KIRBY, Lead Nurse, individually and in her official capacity; FNU
MCRAY, Nurse, individually and in his official capacity; W. TURNER, Officer,
individually and in his official capacity; FNU MILLER, Sergeant, individually and
in his official capacity; FNU HONEYCUTT, Officer in Charge, individually and
in his official capacity; FNU BROCK, Officer, individually and in his official
capacity; FNU HARRINGTON, Officer, individually and in his official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina,
at Statesville. Frank D. Whitney, Chief District Judge. (5:14-cv-00027-FDW)

Submitted: November 29, 2017                    Decided: December 19, 2017

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Owen D. Leavitt, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Owen D. Leavitt appeals the district court's order dismissing his pro se 42 U.S.C. § 1983 (2012) complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) (2012). We review the dismissal order de novo, "applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In conducting this review, we must draw reasonable inferences in favor of the nonmoving party, *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 25, 2017) (No. 17-539), but need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, [or] unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotation marks omitted). We also may consider documents attached to the complaint if "they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-68 (4th Cir. 2016).

We have reviewed the record in light of these standards and discern no reversible error in the district court's conclusion that Leavitt failed to state a plausible claim for

3

relief. However, because Leavitt's claims, liberally construed, are subject to dismissal due to his failure to allege sufficient factual matter to state a plausible claim, we conclude that the district court's dismissal should have been one without prejudice. *See King*, 825 F.3d at 225.

Accordingly, we affirm the district court's judgment, as modified to reflect that the dismissal is one without prejudice. We deny Leavitt's motions for appointment of counsel and for summary disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*